**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM JAMISON; et al., | No. 12-17412 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-04958-RS |
| v. | |
| CERTAIN UNDERWRITERS AT LLOYD'S UNDER POLICY NO. B0146LDUSA0701030, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted February 12, 2015
San Francisco California

Before: PAEZ and BERZON, Circuit Judges and MORRIS,[**] District Judge.

William Jamison and other plaintiffs (collectively, "Jamison") appeal the

district court's grant of the defendants' motion to dismiss Jamison's First Amended

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Brian M. Morris, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

Complaint without leave to amend. We review de novo and affirm. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).[1]

**1.** Jamison argues that there are two reasons why the Directors, Officers and Company Liability Policy's Partial Professional Services Exclusion (the "Exclusion") does not bar Jamison's claims: the Exclusion does not apply to claims for acts "directly" as opposed to "indirectly" connected to professional services or for acts relating to secondary as opposed to primary liability. The Exclusion excludes claims "for any act, error or omission in connection with the performance of any professional services by or on behalf of the Company for the benefit of any other entity or person."

**2.** We apply California law, and "[w]hen the facts are undisputed, as they are deemed to be on a ruling on a demurrer [or motion to dismiss], the interpretation of a contract, including whether an insurance policy is ambiguous or whether an exclusion or limitation is sufficiently conspicuous, plain, and clear, is a question of law," *Hervey v. Mercury Cas. Co.*, 110 Cal. Rptr. 3d 890, 896 (Cal. Ct.

---

[1] Jamison filed a motion to take judicial notice of a decision from the District Court for the Eastern District of Michigan, *Great Am. Ins. Co. v. Geostar Corp.*, No. 09-12488-BC, 2010 WL 845953 (E.D. Mich. Mar. 5, 2010). We deny the motion as unnecessary, but consider the ruling's persuasive value as a matter of law. *See* Fed. R. Evid. 201.

App. 2010). "*Hervey* indicates that California courts can find a contract unambiguous in a motion on the pleadings." *Skilstaf*, 669 F.3d at 1018 n. 11. "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal. Rptr. 561, 564 (Cal. 1968).

**3.** The Exclusion is not reasonably susceptible to Jamison's interpretation. To the extent Jamison's interpretation would distinguish between "direct" and "indirect" connections to professional services, the Exclusion does not so qualify the phrase "in connection with." *Cf. Total Call Int'l, Inc. v. Peerless Ins. Co.*, 104 Cal. Rptr. 3d 319, 327–28 (Cal. Ct. App. 2010) (noting that an exclusion "discloses no suggestion that it relates exclusively to [claims brought by consumers and not to claims brought by competitors]; its language is broad and unqualified"). Further, Jamison alleges that ePlanning's subsidiaries rendered "direct" professional services to third party customers without alleging that ePlanning, Inc. also rendered such "direct" services to third party customers. *See* First Amended Complaint at ¶ 27 ("[ePlanning, Inc.] does not provide professional services to clients."). To the extent Jamison's interpretation would distinguish between primary and secondary

3

liability, the Exclusion would apply to ePlanning, Inc. differently from how it would apply to ePlanning's subsidiary insureds, without the policy or the Exclusion distinguishing between ePlanning, Inc. and its subsidiaries. Jamison's extrinsic evidence does not affect our analysis that the Exclusion is not reasonably susceptible to Jamison's interpretation.

**4.** The district court's ruling does not render the policy illusory. "An agreement is illusory and there is no valid contract when one of the parties assumes no obligation." *Scottsdale Ins. Co. v. Essex Ins. Co.*, 119 Cal. Rptr. 2d 62, 69 (Cal. 2002). The policy covers certain claims for an insured's acts, errors, omissions, misstatements, misleading statements, neglect, or breach of duty not in connection with the performance of professional services for outside customers, for instance, a shareholder derivative action for or securities regulatory agency investigation of an alleged securities violation.

**AFFIRMED.**